EUGENE E. BRIARD, APPELLANT, V. CECIL E. HASHBERGER
ET AL., APPELLEES.

FILED NOVEMBER 26, 1921.   No. 21736.

1. **Adverse Possession:** ISLANDS: ACCRETIONS. Title by prescription
   may be acquired to an island in a stream, which otherwise would
   belong to a riparian owner. Accretions to an island so held and
   occupied for more than the statutory period belong to the owner
   of the island, and not to the riparian owner to whom the island
   or a part of it would otherwise belong.

2. ———: ———: ———. Evidence examined, and *held* to estab-
   lish title in defendants to the original island and its accretions
   by adverse possession.

APPEAL from the district court for Colfax county:
FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*John C. Sprecher,* for appellant.

*George W. Wertz* and *W. C. Hronek, contra.* .

Heard before LETTON, DAY and DEAN, JJ., SEARS and
WESTOVER, District Judges.

LETTON, J.

This is an action in ejectment to recover a certain
tract of land forming a part of an island in the Platte
river lying opposite a tract of land owned by plaintiff on
the north bank of the river and lying to the north of the
thread of the stream. Defendants admit plaintiff owns
the land described lying on the north of the river, but
deny his title to any portion of the island.

By way of cross-petition they allege that they and their
grantors have been in the open, notorious and exclusive
possession of the whole of the island claiming title for
more than ten years before the beginning of this action,
the possession being at all times adverse and hostile to
any claims of the plaintiff, and that they are now the
owners of the island in fee simple. They pray that plain-
tiff's action be dismissed and the title to the premises
quieted and confirmed in them.

The case was tried to the court without the intervention of a jury. At the conclusion of the trial the court found that the defendants were, at the commencement of the action, the owners in fee simple of the entire island with all accretions thereto, plaintiff's action was dismissed, and the title quieted in defendants. Plaintiff appeals.

The island in question is known as Hashberger's Island. It extends in a northeasterly and southwesterly direction, and contains from 100 to 160 acres. It lies about 300 or 400 feet south of the north bank of the river. The main channel of the river has been, for the greater part of the time since the island was formed, south of it, and the depth of the water in the channel between it and the main land has varied at times from shallow enough to wade or drive across to deep enough to swim horses and cattle. The plaintiff claims title to the portion of the island which lies opposite the bank of that portion of the main land which he owns, upon the ground that, if an island arises in a nonnavigable stream between the main land and the thread of the stream, it belongs to the riparian owner opposite whose land it rises. This is the law in this state, and is not challenged by defendants. The questions here are not questions of law, but are questions of fact.

The testimony in behalf of plaintiff is substantially to the effect that there were first formed in the river several small islands or "tow heads," as they are locally termed (probably for the reason that soon after their formation they are thickly covered by a growth of young trees), the largest one lying opposite the Benson farm, which is to the west of plaintiff's land; that these were originally disconnected from each other, and that that portion of the present island lying opposite plaintiff's land was formed by accretion to the small island, or "tow head," which arose opposite his land; that defendants were living part of the time in a cabin upon another small island opposite the Benson land, and that afterwards,

when the cross-channels between it and the others gradually filled in so as to form one tract, defendants wrongfully claimed the whole of the island. The evidence in plaintiff's behalf also tends to prove that in 1911 his son herded cattle for him upon the portion of the island which he claims, and that it was then open and uninclosed.

On the other hand, the testimony on behalf of defendants is to the effect that the "tow head" opposite the Benson farm arose between 30 and 35 years ago; that in 1903 it consisted of four or five acres mostly covered with willows and other trees; that in that year Cecil E. Hashberger, an uncle, his brother and a cousin built a shanty on the island for hunting purposes, and it has since been known as Hashberger's Island; that in 1905 defendant Cecil E. Hashberger purchased the interest of the others in the shanty and island; that there were no other islands or "tow heads" in the river there at that time; and that the additions to the area of this small island both to the northeast and southwest have all been formed by gradual accretions. The brother testified that before taking possession he went to the county seat to ascertain how he might obtain title to the small island, he found that it had never been surveyed, and was told that by squatting upon it he might obtain a title; that this was before he built the shanty, and that when he built it he claimed ownership of the property.

The evidence on behalf of defendants is also to the effect that a year or two after Hashberger purchased the shanty he and his wife moved into it as a permanent residence; that he added several rooms to the house and also erected outbuildings; that he hunted and trapped all over the island; that he has conducted a lodge or camp for hunters at his place for many years; that he partially cleared the island of trees and small willows, so as to allow grass to grow for pasture; that he has pastured his horses and cow there for many years, and cattle more recently; that he has cultivated a garden ever since he lived there; that in recent years he has fenced the whole

island; and that he has asserted title to the island ever since he occupied it. He denies that plaintiff ever used the land for pasturing or herding cattle upon it, and says that plaintiff has never, to his knowledge, claimed to own the island until a short time before he began this action.

There is no claim made that any part of the accretions were made to the mainland. The evidence preponderates in favor of defendants upon the disputed question of fact as to whether the accretions attached to the original island on which the shanty was built, or whether they attached to a smaller island or islands which arose opposite plaintiff's land.

The testimony further convinces us that defendant Hashberger obtained title to the original island upon which the shanty was built, and all accretions thereto, by adverse possession for more than ten years. The accretions became the property of the owner of the island. The fact that quite recently, and after title ripened, defendants procured a conveyance from the owner of the Benson farm to any right or title which he had to the original small island and its accretions, we think does not aid plaintiff, since defendants had a right to purchase their peace from litigation. We are convinced that the district court reached the proper conclusion from the facts in evidence, and its judgment is

AFFIRMED.